# In the United States Court of Federal Claims

No. 19-874C
(Filed: December 10, 2019)

```
*****************************************
DALE EWERS,                               *
                                          *
              Plaintiff,                  *
                                          *
       v.                                 *    Pro Se Plaintiff; RCFC 12(b)(1); Subject-
                                          *    Matter Jurisdiction
                                          *
THE UNITED STATES,                        *
                                          *
              Defendant.                  *
*****************************************
```

Dale Ewers, Miami, FL, appearing pro se.

Margaret E. Sheer, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

**SWEENEY**, Chief Judge

    This case arises out of pro se plaintiff Dale Ewers's claim for damages for injuries he allegedly suffered as a result of being a first responder at Ground Zero following the terrorist attacks in New York City on September 11, 2001. Defendant moves to dismiss Mr. Ewers's complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). As explained below, the court does not have subject-matter jurisdiction over Mr. Ewers's complaint. Therefore, in addition to granting Mr. Ewers's application to proceed in forma pauperis, the court grants defendant's motion to dismiss and dismisses the complaint.

### I. BACKGROUND

    On June 14, 2019, Mr. Ewers filed a complaint and an application to proceed in forma pauperis reflecting that he is currently incarcerated. In his complaint, Mr. Ewers alleges that he was a first responder at Ground Zero following the terrorist attacks on September 11, 2001. He further alleges that, while he was assisting other first responders, he was exposed to chemicals and dust but was not provided with a proper gas mask or protective gear. He avers that, as a result of his exposure to chemicals and dust at Ground Zero, he has been hospitalized numerous times. He states in his complaint that the government never contacted him while he was in the hospital, informed him of the funds available for first responders, or told him that first responders were prematurely dying at an unusual rate. He requests $2.5 million in actual

damages, $1.5 million in compensatory damages, and punitive and statutory damages in an amount to be determined by the court.

Defendant moved to dismiss Mr. Ewers's complaint for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1). The court subsequently granted Mr. Ewers additional time to file a response brief and explained to him that his complaint may be dismissed if he did not file that brief by October 24, 2019. Mr. Ewers has not filed a response brief, and the deadline for doing so has now passed.

## II. LEGAL STANDARDS

### A. RCFC 12(b)(1)

In determining whether subject-matter jurisdiction exists, the court generally "must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). With respect to a motion to dismiss for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1), the plaintiff bears the burden of proving, by a preponderance of evidence, that the court possesses subject-matter jurisdiction. Id. If the court finds that it lacks subject-matter jurisdiction over a claim, RCFC 12(h)(3) requires the court to dismiss that claim.

### B. Pro Se Plaintiffs

Pro se pleadings are "held to less stringent standards than formal pleadings drafted by lawyers" and are "to be liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks omitted). However, the "leniency afforded to a pro se litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." Minehan v. United States, 75 Fed. Cl. 249, 253 (2007); accord Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995) ("The fact that [the plaintiff] acted pro se in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be."). In other words, a pro se plaintiff is not excused from his burden of proving, by a preponderance of evidence, that the court possesses jurisdiction. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 179 (1936); Banks v. United States, 741 F.3d 1268, 1277 (Fed. Cir. 2014).

### C. Subject-Matter Jurisdiction

Whether the court possesses jurisdiction to decide the merits of a case is a "threshold matter." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). Subject-matter jurisdiction cannot be waived or forfeited because it "involves a court's power to hear a case." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. (7 Wall) 506, 514 (1868). Therefore, it is "an inflexible matter that must be considered before proceeding to evaluate the merits of a case." Matthews v. United States, 72 Fed. Cl. 274, 278 (2006); accord

K-Con Bldg. Sys., Inc. v. United States, 778 F.3d 1000, 1004-05 (Fed. Cir. 2015). Either party, or the court sua sponte, may challenge the court's subject-matter jurisdiction at any time. Arbaugh, 546 U.S. at 506; see also Jeun v. United States, 128 Fed. Cl. 203, 209-10 (2016) (collecting cases).

### D. The Tucker Act

The ability of the United States Court of Federal Claims ("Court of Federal Claims") to entertain suits against the United States is limited. "The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941). The waiver of immunity "may not be inferred, but must be unequivocally expressed." United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003). The Tucker Act, the principal statute governing the jurisdiction of this court, waives sovereign immunity for claims against the United States, not sounding in tort, that are founded upon the United States Constitution, a federal statute or regulation, or an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1) (2018) (providing the court with jurisdiction over claims based on the United States Constitution but not state constitutions); White Mountain, 537 U.S. at 472. However, the Tucker Act is merely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 298 (1976). Instead, the substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc).

### III. ANALYSIS

In his complaint, Mr. Ewers alleges that the court has subject-matter jurisdiction over his complaint because his claims are based on (1) the New York State Constitution; (2) the 9/11 Victims Compensation Fund ("VCF"); (3) the Medal of Valor Amendments; (4) the Zadrog Act, and (5) a variety of clauses in, and amendments to, the United States Constitution. Defendant argues that the court cannot exercise jurisdiction over Mr. Ewers's complaint based on any of the aforementioned grounds.

Although Mr. Ewers identifies a variety of potential sources for jurisdiction, he fails to establish that the court has jurisdiction in this case. First, he directs the court to the New York State Constitution, but the court cannot entertain claims based on state constitutions. See Ealy v. United States, 120 Fed. Cl. 801, 805 (2015) ("[Plaintiff's] causes of action based on the Ohio Constitution . . . are also not within this Court's jurisdiction."); see also 28 U.S.C. § 1491(a)(1). Second, Mr. Ewers cannot bring a claim for compensation from the VCF in this court because Congress required that such claims be filed with a special master appointed by the United States Attorney General.[1] Adeleke v. United States, 355 F.3d 144, 153 (2d Cir. 2004); see also Air

---

[1] It is possible that Mr. Ewers's reference to the VCF reflects his belief that his claim is based on a federal cause of action that is justiciable in this court rather than an entitlement to money from the fund. This is a plausible reading of his complaint given that the title of the

Transportation Safety and System Stabilization Act, §§ 401-407 (establishing the VCF). His focus on the James Zadroga 9/11 Health and Compensation Act of 2010—i.e., which he refers to as the "Zadroga Act"—is also misplaced because that law amended the VCF without changing the requirement that potential beneficiaries file their claims with the aforementioned special master. Pub. L. No. 111-347, tit. II, §§ 201-205, 124 Stat. 3623, 3659-65 (2011). Third, the court cannot find any reference in the United States Code to "Medal of Valor Amendments." Mr. Ewers may be referring to the Public Safety Officer Medal of Valor Act of 2001, Pub. L. No. 107-12, 115 Stat. 20 (codified at 42 U.S.C. §§ 15201-15206 (2018)), which authorizes the President to present a Medal of Valor to public safety officers who demonstrate "extraordinary valor above and beyond the call of duty," 42 U.S.C. § 15201.[2] The court, however, cannot exercise jurisdiction based on that law because it is not money mandating—there is no compensation associated with the award. See id. §§ 15201-15206; see also Loveladies Harbor, 27 F.3d at 1554 (conditioning jurisdiction on the existence of a money-mandating source of law).

Mr. Ewers fares no better when he turns his focus to the United States Constitution and alleges that the court has jurisdiction over his complaint based on Article I, Section 7 (process for a bill becoming a law); Article III, Section 2 (judicial power); Article IV, Section 1 (full faith and credit); the Seventh Amendment (trial by jury); the Eight Amendment (cruel and unusual punishment); and Section 1 of the Fourteenth Amendment (due process and equal protection).

---

public law creating the VCF is "September 11th Victim Compensation Fund of 2001," Air Transportation Safety and System Stabilization Act, Pub. L. No. 107-42, tit. IV, § 401, 115 Stat. 230, 237 (2001), and, in a section under that title, Congress created a new federal cause of action for September 11 victims unrelated to the VCF, compare id. § 408(b)(1) (creating the cause of action), with id. § 405(c)(3)(B)(i) (explaining that a party who submits a claim to the special master waives the right to file a civil action for damages in connection with the terrorist attacks). If Mr. Ewers is relying on that cause of action, the court cannot exercise jurisdiction over his complaint because Congress provided that "[t]he United States District Court for the Southern District of New York shall have original and exclusive jurisdiction over . . . resulting from or relating to the terrorist-related aircraft crashes of September 11, 2001." Id. § 408(b)(3).

[2] Congress also created a similar medal—called the "9/11 Heroes Medal of Valor"—for certain September 11, 2001 first responders. Consolidated Appropriations Act, 2005, Pub. L. No. 108-447, div. B., tit. I, § 124, 118 Stat. 2809, 2871 (2004). But the laws concerning that medal do not appear to be the focus of Mr. Ewers's complaint given that he is alive, and Congress limited recipients of that medal to representatives of first responders who died during, or as a result of, the September 11, 2001 terrorist attacks. Id. (noting that the President can award the medal to those who died during the attacks); 9/11 Heroes Medal of Valor Act of 2017, Pub. L. No. 115-276, 132 Stat. 4166 (2018) (allowing the President to award the medal to first responders who died as a result of illnesses associated with serving in the areas that were attacked). To the extent that Mr. Ewers is alleging jurisdiction based on the laws associated with the 9/11 Heroes Medal of Valor, he has not identified a money-mandating statute because recipients of that medal are not entitled to any associated compensation. See Consolidated Appropriations Act, 2005, § 124; see also Loveladies Harbor, 27 F.3d at 1554 (noting that the court can exercise jurisdiction based on money-mandating law).

With the exception of Article I, Section 7, it is well established that the court cannot exercise jurisdiction based on the constitutional provisions Mr. Ewers references. See Trafny v. United States, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (per curiam) (Eighth Amendment); LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (Fourteenth Amendment); Gibson v. United States, 121 Fed. Cl. 215, 217 (2015) (Article III, Section 2); Harris v. United States, 118 Fed. Cl. 180, 190 (2014) (Seventh Amendment); Republic of New Morocco v. United States, 98 Fed. Cl. 463, 468 (2011) (Article IV, Section 1). Mr. Ewers cannot salvage his complaint by directing the court to Article I, Section 7 because that section is not money mandating; Section 7 merely documents the process for a bill becoming a law. U.S. Const. art. I, § 7; see also Loveladies Harbor, 27 F.3d at 1554 (conditioning jurisdiction on the existence of a money-mandating source of law).

In short, Mr. Ewers has not established that the court has subject-matter jurisdiction over his complaint. Thus, the court grants defendant's motion to dismiss Mr. Ewers's complaint for lack of subject-matter jurisdiction.[3]

## IV. Application to Proceed In Forma Pauperis

As noted above, Mr. Ewers filed, concurrent with his complaint, an application to proceed in forma pauperis. Courts of the United States are permitted to waive the prepayment or payment of filing fees under certain circumstances.[4] 28 U.S.C. § 1915(a)(1). Plaintiffs wishing to proceed in forma pauperis must submit an affidavit that lists all of their assets, declares that they are unable to pay the fees or give the security, and states the nature of the action and their belief that they are entitled to redress. Id. Further, prisoners must file "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined," id. § 1915(a)(2), a requirement that can be satisfied in the Court of Federal Claims by executing and filing a "Prisoner Authorization" that authorizes the custodial facility to send the court a copy of the prisoner's trust fund account statement. A prisoner who is permitted to proceed in forma pauperis, however, is still required to pay, over time, the filing fee in full. Id. § 1915(b).

Mr. Ewers has substantially satisfied the requirements to proceed in forma pauperis. The court, therefore, grants his application to proceed in forma pauperis and waives his prepayment

---

[3] Even if Mr. Ewers had established jurisdiction, the court would dismiss his complaint pursuant to RCFC 41(b) because, by failing to respond to defendant's motion to dismiss, he failed to prosecute his case. See RCFC 41(b) ("If the plaintiff fails to prosecute . . . the court may dismiss on its own motion . . . the action or any claim . . . ."); see also Reeves v. United States, No. 14-777, 2015 WL 5120985 (Fed. Cl. Aug. 31, 2015) (dismissing complaint because plaintiff failed to file a response to defendant's motion to dismiss).

[4] While the Court of Federal Claims is not generally considered to be a "court of the United States within the meaning of title 28 of the United States Code, the court has jurisdiction to adjudicate applications to proceed in forma pauperis. See 28 U.S.C. § 2503(d) (deeming the Court of Federal Claims to be a "court of the United States" for purposes of 28 U.S.C. § 1915).

of the filing fee. As a prisoner, however, he remains liable for the full amount of the filing fee subject to the payment schedule set forth in 28 U.S.C. § 1915(b). Thus, Mr. Ewers shall be assessed, as a partial payment of the court's filing fee, an initial sum of twenty percent of the greater of (1) the average monthly deposits into his account, or (2) the average monthly balance in his account for the six-month period immediately preceding the filing of his complaint. See id. § 1915(b)(1). Thereafter, Mr. Ewers shall be required to make monthly payments of twenty percent of the preceding month's income credited to his account. See id. § 1915(b)(2). The agency having custody of Mr. Ewers shall forward payments from his account to the clerk of this court each time the account balance exceeds $10 and until such time as the filing fee is paid in full. See id.

## V. CONCLUSION

As an initial matter, the court **GRANTS** Mr. Ewers's application to proceed in forma pauperis, and he is directed to pay the filing fee in full pursuant to 28 U.S.C. § 1915(b), as described above. The clerk is directed to coordinate with officials at the prison where Mr. Ewers is being held to arrange for him to pay the filing fee. Additionally, as noted above, Mr. Ewers fails to establish that the court has jurisdiction to entertain his complaint. Accordingly, the court **GRANTS** defendant's motion to dismiss Mr. Ewers's complaint for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1). Mr. Ewers's complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. No costs. The clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Chief Judge